IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES CARR, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23cv00808 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| GOOGLE, | ) | By: Robert S. Ballou |
|     Defendant. | ) | United States District Judge |

The plaintiff, Charles Carr, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 against Google. Carr has applied to proceed in forma pauperis in this action, pursuant to 28 U.S.C. § 1915(b), and I will grant that application.[1] After review of the Complaint, I conclude that the action must be summarily dismissed without prejudice.

Carr complains that he downloaded an App from the defendant, Google, intended for "people 18 + to play. The App promotes role play of all ages trade of pics exchange of gift cards." Compl. 2, ECF No. 1. Carr continues, "My civil rights has [sic] been violated for a virtual world game has been used to make me look like a real world predator played on App or txt [sic]." *Id.* Carr demands monetary damages and removal of the App by Google.

The court may summarily dismiss a civil action filed in forma pauperis if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

---

[1] A prisoner litigant who is granted in forma pauperis under § 1915 must pay the full filing fee for the case but may do so through installment payments withheld from his inmate trust account. 28 U.S.C. § 1915(b).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The plaintiff must demonstrate that the conduct that caused the alleged constitutional violation is "fairly attributable to the State," so as to qualify as "acting under color of state law" (also known as "state action"). *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). In other words, the plaintiff must state facts showing that his alleged injury was caused "by a person for whom the State is responsible," someone "who may fairly be said to be a state actor" — a state employee or someone who "has acted together with or has obtained significant aid from state officials," or someone whose "conduct is otherwise chargeable to the State." *Id.*

Carr fails to state facts demonstrating that his only defendant, Google, was a person or was "acting under color of state law" so as to be subject to suit under § 1983. He does not allege that the defendant is a state governmental entity, that it obtained significant aid or acted jointly with state officials, or that Google's conduct in providing the App is, in any way, attributable to the state. Because Carr thus fails to allege facts supporting the "state actor" element of his purported § 1983 claim, his claim must be summarily dismissed without prejudice, pursuant to § 1915(e)(2)(b), as legally frivolous.[2]

A separate Final Order will be entered this day.

Enter: December 20, 2023

/s/ Robert S. Ballou

---

[2] I also find no basis on which to construe Carr's claim against Google as arising under the diversity jurisdiction of the court. Diversity jurisdiction permits a plaintiff to bring a state law claim in federal court if the citizenship of the parties is diverse, and the amount in controversy is over $75,000. 28 U.S.C. § 1332(a), (b). Carr fails to assert any claim against Google under state law or to state facts supporting the diversity of citizenship and amount in controversy required to proceed under the diversity jurisdiction of this court.

-3-

Robert S. Ballou
United States Magistrate Judge